IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROGER USSERY,                              )
                                           )
           Petitioner,                     )
                                           )
    v.                                     )          CV 124-070
                                           )
SHAWN EMMONS, Warden, [1]                  )
                                           )
           Respondent.                     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, currently incarcerated at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** the  § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

I.    **BACKGROUND**

On December 6, 2021, Petitioner pled guilty to one count of theft by taking in the Columbia County Superior Court and was sentenced to six years in prison.  (Doc. no. 1, p. 1); see also Columbia County Clerk of Court Web Docket, available at https://www.columbiaclerkofcourt.com/mainpage.aspx, (follow "Criminal Search" hyperlink;

---

[1] The Court **DIRECTS** the **CLERK** to terminate Defendants State of GA, Georgia State Prison, and R. U. Jackson, and update the docket with the above caption because the only proper Respondent is Shawn Emmons, the Warden at Georgia Diagnostic and Classification State Prison, Petitioner's current place of incarceration.  See Rule 2(a) of the Rules Governing § 2254 cases.

then search for "Ussery, Roger," open 2021CR0351, last visited June 10, 2024) (hereinafter "Columbia County Docket").[2]  Petitioner checked the box indicating he did not appeal his conviction but notes he has previously filed a federal civil case asserting that he pled guilty under duress and his criminal conviction should actually be a civil case.  (Doc. no. 1, p. 3.) Petitioner concedes he has not filed a state habeas petition.  (See generally id.)

In the trial court, Petitioner recently filed a motion to withdraw his guilty plea on March 27, 2024, which was denied on April 16, 2024.  See Columbia County Docket. Petitioner filed a notice of appeal on May 24, 2024, and his appeal was docketed on May 28, 2024, in the Georgia Court of Appeals.  See id.; Georgia Court of Appeals Docket Search, available at https://www.gaappeals.us/docket-search/, (search "Roger Ussery," open A24A1558, last visited June 10, 2024) (hereinafter "Court of Appeals Docket").  The appeal is currently pending.  See Court of Appeals Docket.

Petitioner challenges his state conviction on the ground that his criminal case was a civil case because "we have a contract with the cust[omers]."  (Doc. no. 1, p. 6.)  Petitioner contends the "only thing not presented" to the state courts was "the incident report and the inventory and contract."  (Id. at 8.)  Petitioner then provides his version of events that led to his arrest and conviction in his criminal case.  (Id. at 9-10.)

## II.    DISCUSSION

### A.    The Petition Should Be Dismissed for Failure to Pay the Filing Fee

Petitioner failed to move to proceed *in forma pauperis* ("IFP") or pay the $5.00 filing fee.  After receiving his petition and a copy of his inmate account statement, (doc. no. 3), the Clerk of Court issued a deficiency notice informing him noncompliance could result in

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

dismissal of his case.  (See doc. no. 2.)  The time to respond to the notice has expired and Petitioner has not submitted the filing fee or moved to proceed IFP.  Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action sua sponte for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, the deficiency notice explained Petitioner must pay the $5.00 filing fee or move to proceed IFP if he intends to pursue this case.  (Doc. no. 3.)  Petitioner's failure to comply with the notice evidences non-compliance and amounts to a failure to prosecute.  Because Petitioner has not paid the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Dismissal for failure to comply with the deficiency notice is appropriate.

**B.      Petitioner is Not Entitled to Relief Regardless Because of Petitioner's Failure to Exhaust**

Even if Petitioner had paid the filing fee or moved to proceed IFP, the petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### 1.      The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir.

4

1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (per curiam) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### 2.     Petitioner Failed to Exhaust State Remedies

Here, Petitioner's appeal was recently docketed in the Georgia Court of Appeals and remains pending. See Columbia County Docket; Georgia Court of Appeals Docket. Moreover, Petitioner has not filed a state habeas petition. (See generally doc. no. 1.) Thus, Petitioner has not even completed his direct appellate nor his state habeas proceedings. It is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and

have, for one reason or another, refused or been unable to act upon the claim." <u>St. Jules v. Beto</u>, 462 F.2d 1365, 1366 (5th Cir. 1972). [3]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." <u>Hollis v. Davis</u>, 941 F.2d 1471, 1475 (11th Cir. 1991); <u>see also</u> <u>Reynolds v. Wainwright</u>, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." <u>Id.</u> There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement as Petitioner's appeal was docketed less than one month ago, and if Petitioner is following through with state appellate proceedings, he has not alleged or offered any evidence of undue delay in his state proceedings.

In sum, it is clear that Petitioner has not completed his direct appeal proceedings, let alone moved forward with a state habeas petition. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

---

[3] Under <u>Bonner v. City of Prichard</u>, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (<i>en banc</i>).

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be

**DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of June, 2024, at Augusta,

Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA